Keith J. Miller, Esq.
Michael J. Gesualdo, Esq.
ROBINSON, WETTRE & MILLER LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

Richard Lehv, Esq.
Leo Kittay, Esq.
FROSS ZELNICK LEHRMAN
   & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
Tel: (212) 813-5900

*Attorneys for Plaintiff*
*Honeywell International, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., | Case No. _____ |
| *Plaintiff*, | |
| v. | |
| PURE TURBOS, INC., | |
| *Defendant*. | |

**<u>COMPLAINT</u>**

     Plaintiff Honeywell International Inc. ("Plaintiff" or "Honeywell"), by its undersigned

attorneys, Robinson, Wettre & Miller, LLC, along with Fross Zelnick Lehrman & Zissu, P.C.,

for its Complaint against Defendant Pure Turbos, Inc. ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.     Honeywell is a diversified technology and manufacturing company based in Morris Township, New Jersey.  Honeywell's GARRETT business is a leading innovator, developer and seller of turbo engine products and services, and it has offered pioneering turbochargers and related goods and services under the GARRETT mark for many decades.

2.     Without any authorization from Honeywell, Defendant is using the GARRETT trademark and logo, as well as Plaintiff's famous HONEYWELL name and mark, in connection with turbochargers and parts that are neither produced nor approved by Honeywell, and with GARRETT goods that have been materially modified without Honeywell's knowledge or approval.  These goods have not been inspected or approved by Honeywell, which has no control over their quality.

3.     To protect the enormous goodwill built up in both the GARRETT and HONEYWELL marks over many decades, and to protect consumers from Defendant's deceptive conduct, which could threaten the health and safety of American car owners and drivers, Honeywell brings this action for infringement of federally registered trademarks in violation of Section 32(1) of the U.S. Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. § 1114(1); unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related claims arising under the laws of the State of New Jersey. Honeywell seeks injunctive relief; destruction of infringing goods; monetary relief including recovery of Defendant's profits and up to three times the damages sustained by Honeywell; and an award of attorney's fees, all as authorized by Sections 34, 35 and 36 of the Lanham Act, 15 U.S.C. § 1116-1118, together with such other relief as the Court deems just and proper.

**THE PARTIES**

4.      Plaintiff Honeywell International Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having corporate headquarters at 101 Columbia Road, Morristown, New Jersey 07962-2245.

5.      Upon information and belief, defendant Pure Turbos, Inc. is a California corporation with a place of business at 333 Airport Road, Oceanside, California 92056.

**JURISDICTION & VENUE**

6.      This action arises under the federal Lanham Act, 15 U.S.C. § 1051 *et seq.*, and applicable state and common law.

7.      The Court has original jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b).   The Court has supplemental jurisdiction over Honeywell's state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

8.      Upon information and belief, Defendant regularly does and solicits business within the State of New Jersey; has engaged in conduct, including, but not limited to the marketing, promotion, advertising and sale of products that infringe the GARRETT mark directed to consumers in this judicial district, causing injury within this district and within the State; has derived substantial revenues from products advertised, promoted, marketed, sold and/or offered for sale within this district and State, including the aforesaid infringing products; and has and should have reasonably expected its acts, including, but not limited to, the marketing, promotion, advertising, sale and/or offering for sale of infringing products in violation of Honeywell's exclusive rights in the GARRETT and HONEYWELL marks, to have

consequences within this district and within the State, including, but not limited to, the harm suffered by Honeywell complained of herein.

9.      Venue is proper pursuant to Sections 1391(b)(1) and (2) and (c)(2) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), in that Honeywell resides in this District, a substantial part of the events giving rise to the claim, including, but not limited to, Defendant's marketing, promotion, advertising, sale and offering for sale of the infringing products in violation of Honeywell's exclusive rights in the GARRETT and HONEYWELL marks, occurred in this District, and in that Defendant is subject to personal jurisdiction in the State and is therefore deemed to reside in the State.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.      Plaintiff and its GARRETT and HONEYWELL Marks

10.     Plaintiff's GARRETT business, founded in 1936, has long been a leading innovator in the automotive and engine-boosting technology fields, and has been responsible for revolutionizing turbocharger technologies for generations.

11.     For example, in 1955, the Caterpillar D9 crawler tractor, fitted with the GARRETT T15 turbocharger, became the first American production turbocharged diesel vehicle; and in 1962, a GARRETT T05 turbocharger powered the first turbocharged production passenger car.  These pioneering achievements were followed by several other firsts, including:

- the first turbocharged car to win the Indianapolis 500 (1968);

- the first turbo for a non-sports car application (1977-Saab 99);

- the first mass production turbo for diesel engines (1978-Mercedes 300TD), and

- the first turbo race car to win the 24 Hours of Le Mans (1978-Renault).

12.    In 1999, Honeywell acquired the GARRETT engine-boosting business, which continues to offer a wide range of turbo engine and automotive products and services under the GARRETT mark – sometimes co-branded with the famous HONEYWELL name and mark as GARRETT BY HONEYWELL (including on Honeywell's *www.garretbyhoneywell.com* website) – including engines, turbochargers, compressor covers and ball bearing kits.

13.    GARRETT products have been used by many of the leading global engine and vehicle manufactures, including General Motors, Ford, Chrysler, Audi, BMW, DDC, Fiat, Peugeot, Renault, Volkswagen and others.

14.    Through more than 75 years of use, a significant investment in advertising and promotion, and success in the marketplace, the GARRETT mark has come to be uniquely identified with plaintiff's GARRETT business, turbochargers and related goods and services. The GARRETT mark represents enormous goodwill, and is a valuable asset of Honeywell.

15.    Honeywell also owns numerous federal trademark registrations for the GARRETT mark that cover a wide variety of products and services, including the following:

| U.S. Reg. No. | Mark | Goods and Services | First Use Date | Reg. Date |
|---|---|---|---|---|
| 1289822* | GARRETT | Heat Exchangers for Commercial or Industrial Use; Air Conditioners for Vehicles; Air Conditioning Units; Air Purifying Units for Commercial or Industrial Use; Fans, Being Parts of Air Conditioning Units; Filtering Units for Air Conditioners; Gas (or Electric) Heating Units for Commercial or Industrial Use; Refrigeration Units for Commercial or Industrial Use; Heat Accumulators; and Heat Regenerating Units for Commercial or Industrial Use | December 1955 | August 14, 1984 |
| 1291846* | GARRETT | Aircraft Engines and Motors, Marine Engines and Motors, Hydraulic Engines and Motors, Starters for Aircraft and Marine Engines and Motors, Turbines, Air or Gas Compressors, Superchargers, | December 1955 | August 28, 1984 |

| U.S. Reg. No. | Mark | Goods and Services | First Use Date | Reg. Date |
|---|---|---|---|---|
| | | Turbochargers, Fluid Condensers, Shaft Couplings, Bearings, Blowers, Pumps (Parts of Machines), Fluid Pumps, Clutches for Machines, Electric Generators, Fans, Filters (Parts of Machines, Engines, or Motors), Gears, Hydraulic Jacks, Valves (Parts of Machines), Check Valves, Non-Automatic Control Valves, Pressure Relief Valves, Fuel Valves, Hydraulic Valves, Centrifuges, Auxiliary Power Units for Aircraft, Speed Governors for Machines, Engines, and Motors, Fluid Separators, Heat Exchangers as Parts of Machines, Machine Flywheels, Linear and Rotary Actuators, and Turbocompressors. | | |
| 1268221* | GARRETT | Repair and Overhaul Services for Cooling Turbines, Heat Exchangers, Cabin Pressure Controls, Cabin Pressure Valves, Elecaro Mechanical Actuators, and Electronic Controls. | January 1945 | February 21, 1984 |
| 1268341* | GARRETT | Repair and Overhaul Services for Control Systems, Actuator Systems, Turbine Systems, and Fluidics. | January 1981 | February 21, 1984 |
| 1268815* | GARRETT | Engineering Design and Development Services in the Fields of Heat Transfer, High Speed Rotating Turbo and Electrical Machinery, and Pneumatic and Electronic Systems. | July 1936 | February 28, 1984 |
| 1272612* | GARRETT | Engines, Motors, and Turbines for Land Vehicles | December 1955 | April 3, 1984 |
| 4220853 | | Automotive maintenance services, namely, matching, customizing, maintenance and repair of turbochargers and air coolers | February 21, 2011 | October 9, 2012 |

The foregoing registrations constitute evidence – and for those that have become incontestable (denoted with an asterisk), *conclusive* evidence – of Honeywell's exclusive right to use the GARRETT mark in connection with the goods and services identified therein.

16.     Honeywell is also the owner of longstanding exclusive rights in the famous HONEYWELL mark, which has been in use for over 100 years and has been used for a broad array of technology-related goods and services.  Through a significant investment in advertising, promotion, and success in the marketplace, the HONEYWELL mark has come to be uniquely identified with Plaintiff, its business and its goods and services.  The HONEYWELL mark represents enormous goodwill and is a valuable asset of Honeywell.

17.     Plaintiff owns numerous registrations for its HONEYWELL Mark, including (among many others):

| U.S. Reg. No. | Mark | Goods and Services | First Use Date | Reg. Date |
|---|---|---|---|---|
| 3612380 | HONEYWELL | Air and oil filters for automotive vehicle engines | December 31, 2002 | April 28, 2009 |
| 4576866 | HONEYWELL | Turbochargers not for land vehicles; turbochargers for land vehicles; superchargers not for land vehicles; superchargers for land vehicles; turbine housings not for land vehicles; compressor housings not for land vehicles; compressor housings for land vehicles.<br><br>---<br><br>Turbine housings for land vehicles. | August 1, 2011<br><br><br><br><br>---<br><br>December 1, 1999 | July 29, 2014 |

These registrations constitute evidence of Honeywell's exclusive right to use the HONEYWELL mark in connection with the goods and services identified therein.

**B.     Defendant's Wrongful Activities**

18.     Defendant is using the GARRETT and HONEYWELL marks in connection with turbo engine and automotive products for a variety of vehicle makes and models, including through its e-commerce website at *www.pureturbos.com*, without any authorization from

Honeywell.  Defendant misuses these marks in a number of different ways, all of which falsely and/or misleadingly associate Honeywell's valuable, longstanding trademarks with Defendant's unauthorized products.

19.     Defendant's infringing conduct is pervasive, upon information and belief, involving *hundreds of different products* offered for sale on its website.

20.     Defendant's wrongful conduct includes:

- Deceptive Logo Use in Connection with Third-Party Product:  In promoting and offering products *made by third parties*, Defendant prominently displays Plaintiff's "GARRETT by HONEYWELL" logo on the product pages of its website to falsely and misleadingly indicate that Plaintiff has manufactured, authorized, sponsored or supplied these goods. *See, e.g.*, Exhibit A.

- Deceptive Mark Use Within Third-Party Product Name:  In promoting and offering products made by third parties, Defendant prominently features the GARRETT mark in the name of its products, such as "Garrett Compressor Cover," to falsely and misleadingly indicate that Plaintiff has manufactured, authorized, sponsored or supplied these goods.  *See, e.g.*, Exhibit A; Exhibit B.

- Deceptive Logo Use in Connection with Unauthorized Modification:  In promoting and offering rebuilt and modified versions of genuine GARRETT products, which have not been inspected or approved by Plaintiff, Defendant prominently displays the "GARRETT by HONEYWELL" logo on the product pages of Defendant's website to misleadingly indicate that Plaintiff has authorized, sponsored or supplied these goods.  *See, e.g.*, Exhibit C.

- <u>Misleading Product Description</u>:  Defendant is posting product descriptions falsely to convey that the goods are genuine GARRETT products, including by referencing genuine GARRETT part numbers (such as "GARRETT Part #: GT3782VA"), using the terms "OEM" (original equipment manufacture) and "brand new" in proximity to the GARRETT mark (such as "2004-2005 Ford 6.0L Powerstroke Garrett OEM CHRA"), and offering a "1 Year Warranty" on the product.  *See, e.g.*, <u>Exhibit D</u>; <u>Exhibit B</u>, page 1.

- <u>Deceptive Use of Photographs of GARRETT-Embossed Products</u>:  In promoting and offering products made by third parties, the primary image Defendant displays on its purchase pages is a photograph of multiple products including turbo engines embossed with the GARRETT mark.  *See, e.g.*, <u>Exhibit A</u>, pages 1-3.  A consumer viewing these webpages, which also prominently display the GARRETT logo and advertise products with GARRETT in their names – and no explanatory text – would have little reason to suspect that the products are not manufactured and/or authorized by Plaintiff.  An example is shown below from page 3 of

Exhibit A:



21.     Further, Defendant is using the GARRETT mark in connection with goods of inferior quality.  For example, the unauthorized product shown on page 5 of <u>Exhibit A</u> – which is an example of both a deceptive logo use in connection with a third-party product and a deceptive mark use within a third-party product name – is represented to be "high quality OE [original equipment] quality or better."  However, the product is below OE quality and does not function as intended.  A unit obtained and tested by Plaintiff exhibited poor oil-draining machining due to the imperfect circle shape of the item, creating a potential safety risk to unsuspecting purchasers.

22.     As another example, Defendant prominently displays the GARRETT mark and a photograph of multiple products including turbo engines embossed with the GARRETT mark to advertise what it calls a "Garrett GT60 Rebuild Kit."  *See* <u>Exhibit A</u>, page 2.  However, a unit obtained and inspected by Plaintiff proved to contain non-genuine GARRETT parts, including a

thrust bearing machined into a single piece, when the genuine GARRETT part is made in two pieces.

23.    In addition to the infringing and deceptive website postings described above, Defendant has made prominent, unauthorized use of the GARRETT mark to promote its own products on Defendant's FACEBOOK social media pages (*e.g.*, www.facebook.com/4pureturbos), including at one point by featuring a photograph of a product bearing the GARRETT mark as the "profile picture" seen by every visitor.

24.    Defendant's unauthorized use of the GARRETT and HONEYWELL marks described above commenced long after first use of the GARRETT and HONEYWELL marks and acquisition of exclusive rights in the marks by Plaintiff and its predecessors-in-interest.

25.    Honeywell's above-referenced federal registrations placed Defendant on constructive notice of Honeywell's prior, exclusive rights in the GARRETT and HONEYWELL marks and, upon information and belief, Defendant was on actual notice of Honeywell's exclusive rights in the GARRETT and HONEYWELL marks for engine-related products. Despite being on notice of Honeywell's prior and exclusive trademark rights, Defendant has continued to make the infringing uses of the GARRETT and HONEYWELL marks in connection with its unapproved goods.

26.    Defendant's use of the GARRETT and HONEYWELL marks falsely represents that its goods are genuine GARRETT goods, originating with and approved by Honeywell and its GARRETT business, and such use of these marks is likely to cause confusion, cause mistake, and deceive consumers.

27.     Defendant's use of the GARRETT and HONEYWELL marks in connection with goods that are not approved by Plaintiff is intentionally fraudulent, malicious, willful and wanton.

28.     The irreparable harm caused by Defendant's conduct is exacerbated by its failure to comply with Honeywell's quality and safety standards.  Reports of any product safety or quality problems with Defendant's infringing parts could create the false impression among consumers and the trade that Honeywell's GARRETT products are unsafe or of poor workmanship, threatening the value of Honeywell's marks, inflicting inestimable harm upon Honeywell's hard-earned reputation for marketing high-quality products, and potentially causing serious harm to consumers and members of the public.

29.     Defendant's use of the GARRETT and HONEYWELL marks unfairly and unlawfully wrests from Honeywell control over these marks and over its reputation and is unjustly enriching Defendant.

30.     Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Honeywell's business and goodwill unless restrained by this Court.

31.     Honeywell has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF – FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

32.     Honeywell repeats and realleges the allegations set forth above as if fully set forth herein.

33.     Defendant's unauthorized use of the GARRETT and HONEYWELL marks in connection with the offering, advertising, sale and distribution of turbo engine and automotive

parts is likely to cause confusion, mistake or deception as to the source or approval of Defendant's goods.

34.     As a result of Defendant's unauthorized use of Honeywell's federally registered GARRETT and HONEYWELL marks, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Honeywell, and such use falsely represents Defendant as being legitimately connected with and/or authorized by Honeywell and places beyond Honeywell's control its own reputation and ability to control the use of its GARRETT and HONEYWELL marks or the quality of the products bearing those marks.

35.     Defendant's infringement of Honeywell's registered marks is willful, intended to reap the benefit of the goodwill of Honeywell, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36.     Defendant's aforesaid conduct is causing immediate and irreparable injury to Honeywell and to its goodwill and reputation, and will continue both to damage Honeywell and deceive and threaten harm to the public unless permanently enjoined by this Court.  Honeywell has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF – FEDERAL
UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

37.     Honeywell repeats and realleges the allegations set forth above as if fully set forth herein.

38.     Defendant's use of the GARRETT and HONEYWELL marks for goods and services that are identical, related and/or substantially similar to those produced by Honeywell under these marks, as well as the other conduct of Defendant described above, constitutes use of a false designation of origin and a false representation as to the origin and quality of Defendant's goods.  Defendant's conduct is likely to cause confusion, mistake, or deception as to the source

of Defendant's goods and services and is likely to create the false impression that the goods and services are approved, endorsed, or licensed by Honeywell and/or that Defendant is affiliated with or approved by Honeywell.  Defendant's actions constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

39.     Defendant's conduct is willful, intended to reap the benefit of the goodwill of Honeywell, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

40.     Defendant's conduct has caused and is causing immediate and irreparable injury to Honeywell and will continue both to damage Honeywell and deceive the public unless enjoined by this Court.  Honeywell has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF – FALSE
<u>ADVERTISING UNDER FEDERAL LAW (15 U.S.C. § 1125(a))</u>**

41.     Honeywell repeats and realleges the allegations set forth above as if fully set forth herein.

42.     Defendant's use of false and misleading descriptions of fact in advertising for its products, including its false statement that the Garrett GT28R Ball Bearing Rebuild Kit product is "high quality OE or better," constitutes a willful and knowing violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), in that it misrepresents the nature, characteristics and qualities of Defendant's goods.

43.     Defendant has made false and misleading representations of fact in order to induce consumers to purchase unauthorized parts from Defendant.

44.     Defendant's conduct is causing immediate and irreparable injury to Honeywell and will continue both to damage Honeywell and deceive the public until enjoined by this Court. Honeywell has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF – DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER NEW JERSEY STATE LAW (N.J. STAT. §§ 56:8-1 *et seq.*)**

45.     Honeywell repeats and realleges the allegations set forth above as if fully set forth herein.

46.     As a result of Defendant's unauthorized use of the GARRETT and HONEYWELL marks, consumers are likely to be deceived or misled into believing that Defendant's goods emanate from or are approved by Honeywell.  Defendant's aforesaid conduct, including the unauthorized use of the GARRETT and HONEYWELL marks, is likely to cause confusion, to cause mistake, or to deceive consumers and the trade as to the origin, sponsorship, or approval of Defendant's products, and is an unfair or deceptive trade practice that has the capacity, tendency, or effect of deceiving or misleading consumers, in violation of N.J. Stat. §§ 56:8-1 *et seq.*

47.     The aforesaid conduct of Defendant is causing immediate and irreparable injury to Honeywell and to its goodwill and reputation, and will continue both to damage Honeywell and deceive the public unless enjoined by this Court.  Honeywell has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF – FALSE DESIGNATION OF ORIGIN UNDER NEW JERSEY STATE LAW (N.J. STAT. § 56:3-13.16)**

48.     Honeywell repeats and realleges the allegations set forth above as if fully set forth herein.

49.     Defendant's manufacture, sale and distribution of merchandise bearing copies and imitations of Plaintiff's GARRETT and HONEYWELL marks is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's goods.  As a result of Defendant's unauthorized use of the GARRETT and HONEYWELL marks, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Honeywell, and

such use falsely represents Defendant as being legitimately connected with and/or authorized by Honeywell and places beyond Honeywell's control its own reputation and ability to control the use of the GARRETT and HONEYWELL marks and the quality of the products bearing those marks.

50.     Defendant's infringement of Honeywell's GARRETT and HONEYWELL marks is willful, intended to reap the benefit of the goodwill of Honeywell in violation of N.J. Stat. § 56:3-13.16.

51.     The aforesaid conduct of Defendant is causing immediate and irreparable injury to Honeywell and to its goodwill and reputation, and will continue both to damage Honeywell and deceive and harm the public unless enjoined by this Court.  Honeywell has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF – UNFAIR COMPETITION
### UNDER NEW JERSEY STATE (N.J. STAT. § 56:4-1) AND COMMON LAW

52.     Honeywell repeats and realleges the allegations set forth above as if fully set forth herein.

53.     Defendant's unauthorized use of the GARRETT and HONEYWELL marks is likely to cause confusion, to cause mistake, or to deceive consumers and the trade as to the origin, sponsorship, or approval of Defendant's products.   As a result of Defendant's unauthorized use of these marks of Honeywell, the public is likely to believe that Defendant's goods and services have been manufactured and/or approved by Honeywell, and such use falsely represents that Defendant and/or its products and services are affiliated, connected, or associated with and/or authorized by Honeywell and places beyond Honeywell's control its own reputation and the use of the trademarks associated with Honeywell.

54.     Defendant's conduct is willful, intended to reap the benefit of the goodwill of

Honeywell.  Defendant's conduct constitutes unfair competition and violates the statutory (N.J. Stat. § 56:4-1) and common law of the State of New Jersey.

55.     The aforesaid conduct of Defendant is causing immediate and irreparable injury to Honeywell and its goodwill and reputation, and will continue both to damage Honeywell and deceive the public unless preliminarily and permanently enjoined by this Court.  Honeywell has no adequate remedy at law.

WHEREFORE, Honeywell respectfully demands judgment as follows:

1.     That a permanent injunction be issued enjoining Defendant, its officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them from:

a.     imitating, copying, or making unauthorized use of the GARRETT and/or HONEYWELL marks, including without limitation on any websites, social media pages, catalogues and invoices;

b.     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or product packaging bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the GARRETT and HONEYWELL marks, any formatives thereof (including misspellings) or any other indicia associated with Honeywell (individually and together, the "Prohibited Marks");

c.     using any simulation, reproduction, counterfeit, copy or colorable imitation of the Prohibited Marks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture,

production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Honeywell or to any goods sold, manufactured, sponsored or approved by or connected with Honeywell;

d.  using any false designation of origin or false description or statement, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by Defendant is in any manner associated or connected with Honeywell, or is sold, manufactured, licensed, sponsored, approved or authorized by Honeywell;

e.  transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendant's possession, custody or control bearing any Prohibited Marks;

f.  engaging in any other activity constituting unfair competition with Honeywell, or constituting an infringement of its GARRETT or HONEYWELL marks;

g.  applying to register, registering or maintaining any registration in the United States Patent and Trademark Office or in any state trademark registry any mark consisting in whole or in part of the marks GARRETT or HONEYWELL or any other of the Prohibited Marks;

h.  diluting or tarnishing Honeywell's GARRETT and/or HONEYWELL marks;

i.  registering anywhere in the world, maintaining, engaging any third party to register on its behalf, or assisting any third party in registering or

maintaining, any domain name, subdomain name, URL, e-mail address, or other electronic identifier that includes, in whole or in part, the marks GARRETT or HONEYWELL or other Prohibited Marks in connection with a website, social media or like media or service that advertises, promotes, markets, displays, sells or offers for sale or otherwise refers to automotive or engine-related products;

j. owning, renting, purchasing or otherwise obtaining rights to any internet search term, keyword or social media handle that includes in whole or in part the marks GARRETT or HONEYWELL or any other Prohibited Marks for purposes of promoting Defendant's products or directing consumers to any website that advertises, promotes, displays or otherwise refers to automotive or engine-related products;

k. engaging in any acts of false advertising with respect to the GARRETT and HONEYWELL marks or goods or services offered, distributed or sold under such marks, including the making of false statements or indications that Defendant's products are genuine GARRETT and/or HONEYWELL goods and/or original equipment; and

l. assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (m) above.

2. Directing that Defendant deliver up to Honeywell's attorneys for destruction all products, labels, signs, stationery, invoices, prints, packages, promotional and marketing materials, advertisements and other materials (a) currently in its possession or under its control

or (b) recalled by Defendant pursuant to any order of the Court or otherwise, incorporating, featuring or bearing any Prohibited Marks and all plates, molds, matrices and other means of making the same.

3.      Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendant is in any manner authorized by Honeywell or related in any way to Honeywell or its goods, services and/or GARRETT business.

4.      Directing that Defendant file with the Court and serve upon Honeywell's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

5.      Awarding Honeywell such damages it has sustained or will sustain by reason of Defendant's acts of trademark infringement and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117.

6.      Awarding Honeywell all gains, profits, property and advantages derived by Defendant from its unlawful conduct.

7.      Awarding to Honeywell exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

8.      Awarding to Honeywell its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

9.      Awarding Honeywell interest, including pre-judgment interest on the foregoing sums.

10.     Awarding to Honeywell such other and further relief as the Court may deem just and proper.

Dated: December 1, 2014                    Respectfully submitted,

                                           ROBINSON WETTRE & MILLER LLC

                                           By:   *s/  Keith J. Miller*
                                                     Keith J. Miller

                                           One Newark Center, 19th Floor
                                           Newark, New Jersey 07102
                                           (973) 690-5400

                                               -and-

                                           FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                           Craig S. Mende
                                           Leo Kittay
                                           866 United Nations Plaza
                                           New York, New York 10017
                                           (212) 813-5900

                                           *Attorneys for Plaintiff Honeywell International Inc.*